UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DEBORAH ADAMS,** | : | |
| Plaintiff, | : | **CIVIL ACTION NO.** |
| | : | |
| | : | **3:07-CV-1035 (JCH)** |
| v | : | |
| | : | |
| **NATIONAL ENGINEERING SERVICE CORPORATION** | : | |
| **and VERIFICATIONS INC.** | : | |
| Defendants, | : | **NOVEMBER 18, 2008** |

**PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT IN RESPONSE TO DEFENDANT VERIFICATIONS, INC.'S LOCAL RULE 56(a)(1) STATEMENT**

Pursuant to the Federal Rules of Civil Procedure, and the Local Rules of this Court, the Plaintiff, Deborah Adams, responds to the Local Rule 56(a)(1) Statement filed by the Defendant, Verifications, Inc., as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

1

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

**Statement of Material Facts in Dispute**

1. If Defendant Verifications had made an effort to ascertain the social security number of "*Debra Jean* Adams" from Virginia whose criminal record it obtained, it would have learned that she had a different social security number than Plaintiff. The Sentencing Order pertaining to the criminal history of "*Debra Jean* Adams" that Defendant Verifications erroneously attributed to Plaintiff clearly lists the social security number of "*Debra Jean* Adams." (Sentencing Order, at p.3, attached hereto as Ex. 6.) That Sentencing Order conclusively shows that Plaintiff's name is not only spelled differently than "*Debra Jean* Adams," but Plaintiff's social security number is also different than the social security number of "*Debra Jean* Adams."

2. Northeast Utilities made the decision to pursue other options for filling the contract analyst position as a result of the background check failure. (Shapleigh Depo. at 33-34, attached hereto as Ex. 10.)

3. A subsequent e-mail from Steve Dern, one of Kathleen Shapleigh's colleagues at Guidant Group, states that Plaintiff "had a hit on her background check," and then Northeast Utilities "proceeded with another candidate who was hired for the role." (E-mail, attached as Ex. 11.)

4. By simply entering the data into an online search tool, Accurant, after Plaintiff had disputed the accuracy of the report to Defendant NESC, Verifications was able to conclude in a short time that "*Debra Jean* Adams" from Virginia was not the same person as Plaintiff.

4

(Poquette Depo. at 44-45, 75-76, Ex. 4.)

     5.     According to Defendant Verifications Inc.'s expert witness, Barry Nadell, through that online search, Defendant Verifications learned that "*Debra Jean* Adams" not only had a different social security number than Plaintiff, but "Debra Jean Adams" was in fact previously deceased. (Expert Report of Barry Nadell, Expert Witness of Defendant Verifications at p.6, attached as Ex. H to Defendant Verifications, Inc.'s Motion for Summary Judgment.)

     6.     Plaintiff suffered significant damages as a result of this violation of her rights. She was evicted from her apartment in the summer of 2007. (Deposition of Deborah Adams at p. 9-11, attached as Ex. 14.)

     7.     As a result, Plaintiff has been separated from her son, who now lives with his grandmother, and her car was repossessed. (Adams Depo. at 8-11, 83, 104-105, Ex. 14.) Plaintiff suffered significant emotional distress because of the violation of her rights, the loss of her employment, and the financial hardship that she endured as a result. (Adams Depo. at 192-200, Ex. 14.)

     8.     On June 12, 2008, even after it admitted that it mistakenly reported criminal history from "*Debra Jean* Adams" in Virginia in a report about Plaintiff to Defendant NESC, and after Plaintiff filed this action, Defendant Verifications repeated the same mistake in response to a request by another client for a report about Plaintiff. (Poquette Depo. at 154-157, Ex. 4.) In June 2008, Defendant Verifications published a second report to a second client that Plaintiff had a criminal history in Virginia, and, for a second time, Defendant Verifications had to correct its report. (Poquette Depo. at 79-80, 161-62, Ex. 4.)

     9.     Defendant Verifications failed to follow reasonable procedures to assure maximum

possible accuracy.

10. Defendant Verifications never provided Plaintiff with notice that it was publishing an adverse report to Defendant NESC.

11. Defendant Verifications did not follow strict procedures to assure that its report to Defendant NESC was complete and up to date.

12. Defendant Verifications exhibited a reckless disregard for Plaintiff's rights.

13. Before it published its initial report to Defendant NESC, Defendant Verifications had knowledge of inconsistencies between the information it had about Plaintiff's name, address, and social security number, and the information it had about "Debra Jean Adams" who had a criminal record in Virginia, but it failed to investigate any of those inconsistencies.

PLAINTIFF, Deborah Adams

By: ____/s/_____
Todd Steigman, Esq. (ct26875)
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT  06106
Tel. (860)-246-2466
Fax (860)-246-1794
tsteigman@mppjustice.com

## CERTIFICATION OF SERVICE

I hereby certify that on the 18th day of November, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

_____/s/_____
Todd Steigman