## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DEBORAH ADAMS,                          :
     Plaintiff                        :
                                      :
v.                                      :          3:07-cv-1035 (WWE)
                                      :
NATIONAL ENGINEERING SERVICE            :
CORPORATION and VERIFICATIONS INC.,     :
     Defendants                       :

### MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION
### TO SET ASIDE JURY VERDICT AND GRANT NEW TRIAL

Following trial, a jury returned a verdict in favor of defendants on all counts of plaintiff's complaint on December 17, 2009.  Now pending before the Court is plaintiff's motion under Federal Rule of Civil Procedure 59 to set aside the jury's verdict and grant a new trial.  For the following reasons, plaintiff's motion will be denied and the jury verdict will stand.

### BACKGROUND

Plaintiff brought this action alleging that defendants National Engineering Service Corporation and Verifications, Inc. violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and negligently inflicted emotional distress.  Plaintiff's allegations stem from a background check performed by Verifications, a company that provides background checks and other employment screening services, at the request of National Engineering, a national staffing agency.  Plaintiff contended that National Engineering and Verifications violated the FCRA by leading her potential employer, Northeast Utilities Service Company, to erroneously believe that she had a criminal history.  The Court granted defendants' motions for summary judgment in part

1

(Doc. #91), leaving only the claims under the FCRA and two counts of negligent infliction of emotional distress for trial.

At trial, plaintiff alleged that National Engineering (1) willfully failed to comply with section 1681e(b) of FCRA; (2) willfully failed to comply with section 1681k; (3) negligently failed to comply with section 1681e(b); (4) negligently failed to comply with section 1681k; and (5) negligently inflicted emotional distress.  In addition, plaintiff alleged that Verifications (1) negligently failed to comply with section 1681e(b); (2) negligently failed to comply with section 1681k; and (3) negligently inflicted emotional distress.  The jury found for defendants on all of plaintiff's claims.

## DISCUSSION

Plaintiff has moved for a new trial pursuant to Rule 59.  The Supreme Court has long held that "a litigant is entitled to a fair trial, not a perfect one."  Lutwak v. United States, 344 U.S. 604, 619 (1953).  Rule 59(a) provides, in pertinent part, that "[a] new trial may be granted … for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  A motion for a new trial should be granted when the trial court concludes that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.  Consequently, a new trial may be granted when the jury's verdict is against the weight of the evidence.

The standards governing a district court's consideration of a Rule 59 motion for a new trial on the grounds that the verdict was against the weight of the evidence differs in two significant ways from the standards governing a Rule 50 motion for judgment as a matter of law.  First, unlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict.  Second, a trial judge

is free to weigh the evidence himself and need not view it in the light most favorable to

the verdict winner.  A court considering a Rule 59 motion for a new trial must bear in

mind, however, that the court should only grant such a motion when the jury's verdict is

"egregious."  Sabir v. Jowett, 214 F. Supp. 2d 226, 244 (D. Conn. 2002).

Rule 59(b) provides that a "motion for a new trial must be filed no later than 28

days after the entry of judgment."  This deadline cannot be extended by the court.  See

Fed. R. Civ. P. 6(b)(2).  The time limit is jurisdictional and failure to make a timely

motion divests the court of the power to modify the jury's verdict.  See Weissman v.

Dawn Joy Fashions, Inc., 214 F.3d 224, 230 (2d Cir. 2000).  Further, there is no

authority upon which a court can grant a motion for an extension of time to file a motion

under Rule 59.  See Meriwether v. Coughlin, 879 F.2d 1037, 1041 (2d Cir. 1989).

The Court entered judgment in this case on December 23, 2009 (Doc. #147).

Plaintiff's motion was filed on January 27, 2010 (Doc. #148), more than twenty-eight

days later.  Therefore, it will be denied as untimely even though neither defendant

addressed this issue in its response.[1]

In addition, plaintiff's motion would properly be denied on its merits too.  In her

motion, plaintiff claims that the verdict was against the weight of the evidence and that

allowing it to stand would result in a miscarriage of justice.  She repeatedly emphasizes

---

[1]     Even if the Court were to review the motion under Rule 60(b) as it may do,
Feldberg v. Quechee Lakes Corp., 463 F.3d 195, 198 (2d Cir. 2006), plaintiff has not
demonstrated any exceptional grounds to warrant relief under Rule 60(b).
 See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) ("Since 60(b) allows
extraordinary judicial relief, it is invoked only upon a showing of exceptional
circumstances.").

that the facts of this case were generally undisputed and, therefore, the Court may substitute its judgment for that of the jury.  Plaintiff's argument neglects that the crux of the jury's role in this case was to determine whether the undisputed actions of defendants constituted negligent and/or willful violations of the law.  The jury did its duty in determining that the actions did not constitute negligent or willful violations of the FCRA.  The jury's application of the facts to determine what constitutes negligent and willful violations of the law was the particular province of a jury of eight members who are better suited for such a determination than the Court would be, and the jury's findings were proper given the evidence before it.

The trial constituted a battle of the parties' expert witnesses who attempted to define what the parties' responsibilities were under the law.  Although plaintiff states that the jury did not have "to make a credibility determination to decide which party's version of the events were true," this was precisely the jury's role – to determine which side's expert witnesses were more credible.  The jury reasonably found that defendants' experts provided a better understanding of what the law mandates in requiring reasonable precautions and procedures under 15 U.S.C. § 1681*o* and/or in barring willful failure to comply with the law under 15 U.S.C. § 1681n.

Plaintiff's argument ignores the distinction between a failure to comply with the FCRA and a negligent or willful failure.  This distinction was crucial to the case and the presumptive basis for the jury's decision.  Plaintiff would have the FCRA create a strict liability for violations.  This, however, is not the case.  See Obabueki v. Choicepoint, Inc., 236 F. Supp. 2d 278, 285 (S.D.N.Y. 2002) ("[T]he FCRA is not a strict liability statute...").  Even if National Engineering's notice to plaintiff was "clearly inadequate,"

4

as the Court found on summary judgment, it does not necessarily follow that National Engineering was negligent under the law.

The Court recognizes the jury's inconsistent answers to questions I.B. and I.I. Question I.B. asked whether plaintiff had proven by a preponderance of the evidence that National Engineering had reported inaccurate information about plaintiff in the context of a willful failure to comply with section 1681e(b) while question I.I. asked in the context of a negligent failure.  To question I.B., the jury answered "no," while to question I.I., the jury answered "yes."  These inconsistent answers do not undermine the jury's verdict in the Court's eyes.  First, the Court found on summary judgment that National Engineering had reported inaccurate information about plaintiff, and this issue was not contested by the parties.  See Doc. #91 at 18 ("Second, it is uncontested that the convictions which [National Engineering] reported to Guidant did not belong to Adams.").  Therefore, the Court could have easily corrected the jury's answers if necessary.  Second, while the answers evidence some confusion, any confusion would be harmless because a jury finding in favor of plaintiff on both questions would not lead to a finding for plaintiff on either claim.  As such, the jury's answers to the interrogatories support the entry of judgment in favor of defendants.  See Abou-Khadra v. Mahshie, 4 F.3d 1071, 1080 (2d Cir. 1993) (holding that new trial not warranted where inconsistency in interrogatories was harmless); see also Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.").

In light of this additional reason, the Court will deny plaintiff's motion to set aside

5

the verdict.  Put simply, the jury's verdict was not seriously erroneous or a miscarriage of justice.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to set aside the jury verdict and grant a new trial (Doc. #148) is hereby DENIED.

Dated at Bridgeport, Connecticut, this 12th day of April, 2010.


_____/s/_____
Warren W. Eginton
Senior United States District Judge